Michael J. McCue (NV Bar No. 6055)
MMcCue@LRRLaw.com
Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRRLaw.com
Meng Zhong (NV Bar No. 12145)
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Las Vegas Sands Corp.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation, | Case No.:  2:15-cv-02340 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| XIAOLONG LI, YANG DAWEI, YANG GUANGLIANG, FA DA, JIANGHONG WANG, AND THE UNKNOWN REGISTRANTS OF: www.0077.net, www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net, www.4047.com, www.09399.com, www.j111888.com, www.j222888.com, www.j333888.com, www.j666888.com, www.4337.com, www.js722.com, www.3863jsc.com, www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com, and www.929266.com, | |
| Defendants. | |

For its Complaint, Plaintiff Las Vegas Sands Corp. ("Plaintiff" or "Las Vegas Sands") alleges as follows:

### NATURE OF THE CASE

Las Vegas Sands brings this action against the known and unknown registrants of Internet domain names who are using Las Vegas Sands' world famous "Sands" trademark,

1  Sunburst design, and "Jinsha" characters on websites to falsely affiliate themselves with Las

2  Vegas Sands, to lure prospective gamblers to overseas online casinos, and to unlawfully and in

3  bad faith advertise, promote, and provide online casino and gambling services.

4       Las Vegas Sands asserts claims for trademark infringement, false designation of origin,

5  and dilution under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A), and 1125(c),

6  respectively, for common law trademark infringement and unfair competition, and for copyright

7  infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* Las Vegas Sands seeks

8  injunctive relief, as well as damages, attorneys' fees, and costs.

9  <u>**JURISDICTION AND VENUE**</u>

10       1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

11  §§ 1331 and 1338(a), because Las Vegas Sands' claims arise under the laws of the United States,

12  specifically, under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court has supplemental

13  jurisdiction over Las Vegas Sands' common law claims pursuant to 28 U.S.C. § 1367, because

14  the claims are related to Las Vegas Sands' federal claims and they form part of the same case or

15  controversy.

16       2. This Court has specific personal jurisdiction over Defendants under the effects

17  test. Defendants are intentionally using Plaintiff's federally registered trademarks on websites to

18  confuse and deceive consumers. Upon information and belief, Defendants knew and have

19  known at all relevant times that Las Vegas Sands is based in Las Vegas, Nevada. Upon

20  information and belief, Defendants expressly aimed their tortious conduct at Las Vegas Sands in

21  Las Vegas, Nevada, knowing that any injury it would suffer would be felt in Las Vegas, Nevada.

22  The Court's exercise of personal jurisdiction over Defendants is reasonable.

23       3. Venue is proper in the United States District Court for the District of Nevada

24  under 28 U.S.C. § 1391(b), (c), and/or (d). Venue is proper in the unofficial Southern division of

25  this Court.

26  <u>**PARTIES**</u>

27       4. Plaintiff Las Vegas Sands Corp. is a Nevada corporation with its principal place

28  of business in Las Vegas, Nevada.

5.      Defendant Xiao long Li is believed to be a resident of China, and the registrant of www.js567.com, www.js3333.com, www.js8666.com, and www.js686.com.

6.      Defendant Yang Dawei is believed to be a resident of Serbia, and the registrant of www.3863.com, www.jsc00000.com, www.jsc11111.com, www.jsc22222.com, www.jsc44444.com, www.jsc55555.com, www.jsc88888.com, and www.jsc99999.com.

7.      Defendant Yang Guangliang is believed to be a resident of Ireland, and the registrant of www.jsc0000.com, www.jsc1111.com, www.jsc2222.com, www.jsc3333.com, wwwjsc4444.com, www.jsc5555.com, www.jsc6666.com, and www.jsc9999.com.

8.      Defendant Fa Da is believed to be a resident of the Marshall Islands, and the registrant of www.20288.com.

9.      Defendant Jianghong Wang is believed to be a resident of China, and the registrant of www.2088666.com, www.2099666.com, www.8566999.com, www.8577999.com, www.8766999.com, and www.9500888.com.

10.      Defendants Unknown Registrants of: www.0077.net, www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net, www.4047.com, www.09399.com, www.j111888.com, www.j222888.com, www.j333888.com, www.j666888.com, www.4337.com, www.js722.com, www.3863jsc.com, www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com, and www.929266.com, are the persons and/or organizations who registered these domain names.  Their identities are unknown because the domain names were registered using a "privacy protection" service offered by GoDaddy.com, LLC ("GoDaddy") and/or its affiliate, Domains By Proxy, LLC ("Domains By Proxy").  These companies register domain names without listing the registrant's true name, email address, or contact information in the publicly available "WHOIS" database of domain name registrants.  Instead, these companies submit "proxy" information to the WHOIS database to identify the registrant.  Domain name registrars typically forward emails sent to such proxy email addresses to the registrant of the domain name by using the registrant's true email address, provided to the registrar at the time of registration.

## ALLEGATIONS COMMON TO ALL COUNTS

### Las Vegas Sands and Its Trademarks

11.     Las Vegas Sands is a world famous Fortune 500 company that is publicly traded on the New York Stock Exchange.  Las Vegas Sands is the leading global developer of destination resort properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.  Las Vegas Sands' properties include The Venetian, The Palazzo, and The Sands Expo and Convention Center in Las Vegas, Nevada; Sands Bethlehem in Bethlehem, Pennsylvania; and Marina Bay Sands in Singapore.  Through its 70.2% ownership of Sands China, Ltd., Las Vegas Sands also owns and operates The Venetian Macao, Sands Macao, Four Seasons Hotel Macao, and Sands Cotai Central in Macao.  Las Vegas Sands maintains websites at, among others, <venetian.com>, <palazzo.com>, <sandsexpo.com>, <pasands.com>, <marinabaysands.com>, <venetianmacao.com>, <sandsmacao.com>, and <sandscotaicentral.com>, through which it markets its hotel and casino services and, among other things, provides information and accepts hotel room reservations.

12.     The original Sands Hotel in Las Vegas, Nevada, became famous by, among other things, attracting numerous celebrities and serving as the setting for several famous Hollywood films, including the original "Ocean's Eleven" movie.  Since 1952, Las Vegas Sands and its predecessors-in-interest have used the SANDS trademark (in both standard character and stylized forms) to provide, among others, casino services (*i.e.*, gambling and casino games).

13.     Also since 1952, Las Vegas Sands' predecessors-in-interest and, since 2004, Las Vegas Sands, have used the Sunburst design alone or in combination with the SANDS mark in connection with casino services.  The Sunburst design appears as follows:



14.     As a result of its longstanding and prominent use of the SANDS trademark and Sunburst design in commerce, Las Vegas Sands has developed common law trademark rights in

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

1  the SANDS trademark and Sunburst design for use in connection with, among others, casino

2  services.

3       15.    In addition to its common law rights, Las Vegas Sands owns trademark

4  registrations for the SANDS trademark worldwide.  In the United States, Las Vegas Sands'

5  federal trademark registrations include, among others, the following:

| Mark | Fed. Reg. No. | First Use | Goods and Services |
|---|---|---|---|
| | | | |
| *Sands* | 1,209,102 | 1/1/1952 | "Entertainment services-namely, providing stage show, gambling and casino services . . . ." |
| **SANDS** | 3,734,615 | 12/31/1952 | "[P]roviding casino and gaming services; providing casino and gambling facilities . . . ." |
| *Sands* | 3,838,397 | 11/30/1996 | "Casino services; gambling services; gaming services; Entertainment services in the nature of boxing contests and art exhibitions; arranging of seminars and conferences; educational demonstrations; rental of audio-visual equipment; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production." |
| **SANDS** | 3,850,500 | 11/30/1996 | "Casino services; gambling services; gaming services; entertainment services in the nature of boxing contests and art exhibition; arranging of seminars and conferences; educational demonstrations; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production." |

22       16.    Las Vegas Sands Corp. also owns a Nevada state trademark registration for

23  SANDS HOTEL & CASINO (Reg. No. TN00250422).  (Las Vegas Sands' federal trademark

24  registrations and common law rights in the SANDS mark shall be collectively referred to as the

25  "SANDS Mark").

26       17.    Based on its federal and state trademark registrations and its longstanding and

27  exclusive use of the SANDS Mark, Las Vegas Sands owns the exclusive right to use the SANDS

28  Mark in commerce.

18.     The SANDS Mark has become distinctive and famous in the United States for, among other services, casino and gaming services.

19.     In addition to the foregoing trademark rights, Las Vegas Sands is the owner of all copyrights in and to the Sunburst design.  Las Vegas Sands' predecessors first published the Sunburst design on December 15, 1952.  Las Vegas Sands registered its copyrights in the Sunburst design with the U.S. Copyright Office effective June 21, 2010, and was granted U.S. Copyright Registration Certificate No. VA 1-724-059.

20.     Further, since 2004, Las Vegas Sands has used two Chinese language characters known as "Jinsha" in connection with its gaming, hotel, entertainment, and other services provided at its Sands Macao property, to act as the Chinese language equivalent of the SANDS Mark.  Roughly translated, Jinsha means "golden sands" in Chinese.  As a result of its use of the Jinsha characters in commerce in connection with its goods and services, Las Vegas Sands owns common law rights in the Jinsha characters, which appear below:



**The Defendants' Infringing Conduct**

21.     The Defendants have set up a network of Internet websites that are accessible to U.S. citizens that are designed to drive Internet users to one or more online casinos.

22.     The infringing websites appear at the following Internet locations: www.0077.net, www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net, www.4047.com, www.09399.com, www.j111888.com, www.j222888.com, www.j333888.com, www.j666888.com, www.4337.com, www.20288.com, www.js567.com, www.js8666.com, www.js686.com, www.js3333.com, www.js722.com, www.3863.com, www.3863jsc.com, www.jsc0000.com,         www.jsc00000.com,         www.jsc1111.com,         www.jsc11111.com, www.jsc2222.com,         www.jsc22222.com,         www.jsc3333.com,         www.jsc4444.com, www.jsc44444.com,         www.jsc5555.com,         www.jsc55555.com,         www.jsc6666.com,

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

www.jsc88888.com, www.jsc9999.com, www.jsc99999.com, www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com, www.2088666.com, www.2099666.com, www.8566999.com, www.8577999.com, www.8766999.com, www.9500888.com, and www.929266.com (collectively, the "Domains"). GoDaddy is the registrar of each Domain.

23. Five of the Domains (*i.e.*, www.0077.net, www.4047.com, www.09399.com, www.3863.com, and www.3863jsc.com) are "directory" sites that provide links to several other online casino websites. All but two of the Domains (www.4047.com and www.09399.com) display unauthorized and infringing reproductions of the SANDS Mark, the Sunburst design, and/or the Jinsha characters.

24. Taking the Domains in order, the website located at www.077.net is a "directory" site that contains links to casino webpages. An image of www.077.net is set forth below:



///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

25.     This "directory" page displays the SANDS Mark, Jinsha characters, and Sunburst design and links to the following domains: www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, and www.036.net.   Each of these domains operate an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands.  All display the following online casino:



26.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the lower, right-hand, corner of the page.

///
///
///
///
///
///
///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-8-

7080510_1

27.    The webpages located at www.4047.com and www.09399.com are Chinese-language directory pages that contain Chinese-language links to online casinos:



www.4047.com

www.9039.com

28.    These directory pages link to the following domains: www.j111888.com, www.j222888.com, www.j333888.com, and www.j666888.com.   Each of these domains operates an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands.   All display the following online casino:



Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

29.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand, corner of the page and again in the middle of the page.

30.     The website located at www.4337.com displays a similar online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



31.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand, corner of the page and again in the middle of the page.

///

///

///

///

///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

32.     The website located at www.20288.com displays an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



33.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, center, portion of the page and again in the center-right portion of the page.

///

///

///

///

///

///

///

///

34.     The websites located at: www.js567.com, www.js8666.com, www.js686.com, and www.js3333.com display an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



35.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand corner of the page, on the vertical hotel tower, and again in the middle of the page.

///
///
///
///
///
///
///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

36.     The website located at: www.js722.com displays a similar online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



37.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand corner of the page, on the vertical hotel tower, and in the middle of the page.

///

///

///

///

///

///

///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

38.     The websites located at www.3863.com and www.3863jsc.com are each directory pages that appear as follows:



(www.3863.com)





(www.3863jsc.com)

39.     As the above screenshots clearly demonstrate, to mislead customers, the webpages prominently feature the SANDS Mark, Jinsha characters, and Sunburst design.  These sites link to the following domains: www.jsc0000.com, www.jsc00000.com, www.jsc1111.com, www.jsc11111.com,        www.jsc2222.com,        www.jsc22222.com,        www.jsc3333.com, www.jsc4444.com,        www.jsc44444.com,        www.jsc5555.com,        www.jsc55555.com, www.jsc6666.com, www.jsc88888.com, www.jsc9999.com, and www.jsc99999.com.  Each of these domains operates an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands.   All display the following online casino:



40.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand corner of the page.

///

///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080510_1

41.     The websites located at: www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com,        www.2088666.com,        www.2099666.com,        www.8566999.com, www.8577999.com,  www.8766999.com,  and  www.9500888.com  display  an  online  casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



42.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the middle of the page.

///

///

43.     The website located at www.929266.com displays an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



44.     As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark and the Sunburst design in the upper, left-hand, corner of the page.

45.     The Domains offer specific casino games such as card games, roulette, or dice games, the same games offered by Las Vegas Sands at The Venetian, The Palazzo, Sands Bethlehem, Marina Bay Sands, The Venetian Macao, Sands Macao, Four Seasons Hotel Macao, and Sands Cotai Central in Macao.

46.     The Domains permit gamblers to register, create individual financial accounts, and gamble online.

47.     Las Vegas Sands has not consented to, approved of, or authorized Defendants' use of the SANDS Mark, Jinsha characters, or Sunburst design in connection with the Domains.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

7080510_1

48.     The SANDS Mark, Jinsha characters, and Sunburst design are embodiments of the substantial goodwill and excellent reputation Las Vegas Sands and its predecessors have developed as a premier provider of entertainment and casino services.  As a result of Defendants' blatant exploitation of Las Vegas Sands' trademarks without Las Vegas Sands' consent, Las Vegas Sands has lost control over the SANDS Mark, Jinsha characters, and Sunburst design. This loss of control over its goodwill and reputation is irreparable and Las Vegas Sands cannot be adequately compensated by an award of money damages alone.  For example, Las Vegas Sands opposes legalized Internet gambling in the United States and elsewhere, and Defendants' use of the SANDS Mark, Jinsha characters, and Sunburst design on the homepages of online casinos, even though unauthorized by Las Vegas Sands, threatens to dilute and detract from Las Vegas Sands' message and its efforts to stop the proliferation of online gambling.

49.     Accordingly, Defendants' actions have caused and are likely to continue to cause Las Vegas Sands to suffer irreparable harm and injury unless temporarily, preliminarily, and permanently enjoined by the Court.

### COUNT I
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(a))

50.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51.     Defendants have adopted and begun using the SANDS Mark in U.S. commerce. In addition to their adoption and use of the SANDS Mark in U.S. commerce, Defendants' use of the SANDS Mark has had or is likely to have an effect on U.S. foreign commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S. foreign commerce are sufficiently strong in relation to those of other nations to justify the extraterritorial application of the Lanham Act.

52.     Defendants' unauthorized use of the SANDS Mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of the SANDS Mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

///

53.     Defendants' unauthorized use of the SANDS Mark is likely to cause initial interest confusion by diverting Internet users away from Plaintiff's websites to Defendants' websites.

54.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT II
(False Designation of Origin under
the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

55.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56.     Defendants have adopted and begun using the SANDS Mark in U.S. commerce. In addition to their adoption and use of the SANDS Mark in U.S. commerce, Defendants' use of the SANDS Mark has had or is likely to have an effect on U.S. foreign commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S. foreign commerce are sufficiently strong in relation to those of other nations to justify the extraterritorial application of the Lanham Act.

57.     Defendants' use of the SANDS Mark is likely to cause confusion, cause mistake, or deceive as to an affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

58.     As a direct and proximate result of Defendants' false designation of origin, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III
(Trademark Dilution under
the Lanham Act, 15 U.S.C. § 1125(c))

59.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

///

60.   The SANDS Mark is famous within the meaning of the Federal Trademark Dilution Act.

61.   Defendants have adopted and begun using the SANDS Mark in U.S. commerce. In addition to their adoption and use of the SANDS Mark in U.S. commerce, Defendants' use of the SANDS Mark has had or is likely to have an effect on U.S. foreign commerce that is sufficiently great to injure Plaintiff, and the interests of and links to U.S. foreign commerce are sufficiently strong in relation to those of other nations to justify the extraterritorial application of the Lanham Act.

62.   Defendants' use of Plaintiff's SANDS Mark has, at all times, been willful, deliberate, and intentional.   Defendants' use of Plaintiff's SANDS Mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its SANDS Mark.

63.   The SANDS mark used by Defendants on their websites is identical or confusingly similar to Plaintiff's SANDS Mark.

64.   Defendants' adoption and use in commerce of Plaintiff's SANDS Mark began after Plaintiff's SANDS Mark became famous.

65.   Defendants' unauthorized adoption and use in commerce of a mark that is identical to or confusingly similar to Plaintiff's SANDS Mark is likely to dilute the distinctiveness of Plaintiff's SANDS Mark within the meaning of the Federal Trademark Dilution Act.

66.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT IV**
(Common Law Trademark Infringement)

67.   Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68.   Plaintiff has been using the SANDS Mark, Jinsha characters, and Sunburst design in commerce in connection with, among others, casino and gaming services, and that use

1  predates Defendants' use of the SANDS Mark, Jinsha characters, and Sunburst design for the

2  same and related services.

3      69.    Given Plaintiff's longstanding use of the SANDS Mark, Jinsha characters, and

4  Sunburst design in connection with casino and gaming services and Defendants' use of

5  Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design in connection with the

6  advertising, promotion, and operation of online casinos accessible from the United States,

7  Defendants' use of the SANDS Mark, Jinsha characters, and Sunburst design on their websites

8  constitutes a reproduction, copying, counterfeit, and/or colorable imitation of Plaintiff's

9  SANDS Mark, Jinsha characters, and Sunburst design in a manner that is likely to cause

10  confusion, or mistake, or that is likely to deceive consumers.

11      70.    Defendants' use of Plaintiff's SANDS Mark, Jinsha characters, and Sunburst

12  design in commerce has, at all times, been willful, deliberate, and intentional.  Defendants' use

13  of Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design in commerce was designed

14  to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has

15  developed in the SANDS Mark, Jinsha characters, and Sunburst design.

16      71.    Defendants' use of Plaintiff's SANDS Mark, Jinsha characters, and Sunburst

17  design in commerce constitutes common law trademark infringement.

18      72.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered,

19  and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and

20  goodwill.

## COUNT V
(Common Law Unfair Competition)

21

22      73.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set

23  forth herein.

24      74.    Plaintiff has used its SANDS Mark, Jinsha characters, and Sunburst design to

25  identify its casino and gaming services and to distinguish them from those offered and sold by

26  others, by, among other things, prominently displaying the SANDS Mark, Jinsha characters, and

27  Sunburst design in connection with such services.

28  ///

75.     Plaintiff has prominently displayed its SANDS Mark, Jinsha characters, and Sunburst design on the exteriors of its casinos and outdoor signage, within its casinos, on billboards, on letterhead, on bills, in direct mail advertisements, in print ads, in television advertising, and in periodicals distributed throughout the United States and world, and has used its SANDS Mark, Jinsha characters, and Sunburst design in connection with its own Internet domain names and websites.

76.     Plaintiff's goods, services, and advertising have been distributed and offered worldwide, including in the United States, in Macao, and on the Internet, where Defendants are doing business.

77.     As a result of Plaintiff's sales and advertising under its SANDS Mark, Jinsha characters, and Sunburst design and as a result of its use of the SANDS Mark, Jinsha characters, and Sunburst design in connection with Internet domain names and websites, Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design have developed and acquired a secondary and distinctive trademark meaning to purchasers in Defendants' trading area.

78.     Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design have come to indicate to consumers of casino, gaming, and other services, a meaning of high quality originating only with Plaintiff.

79.     As a result of the association by purchasers of the SANDS Mark, Jinsha characters, and Sunburst design with Plaintiff, Defendants' use of the SANDS Mark, Jinsha characters, and Sunburst design is likely to confuse such purchasers.

80.     Defendants' use of Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design in commerce has, at all times, been willful, deliberate, and intentional.  Defendants' use of Plaintiff's SANDS Mark, Jinsha characters, and Sunburst design in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its SANDS Mark, Jinsha characters, and Sunburst design.

81.     Defendants' use of the SANDS Mark, Jinsha characters, and Sunburst design constitutes unfair competition under the common law.

///

82.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT VI

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

83.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

84.     The Defendants have infringed Plaintiff's copyrights in the Sunburst design by reproducing and publicly displaying the Sunburst design on casino websites located at the following domains without Plaintiff's authorization, license, or consent: www.0077.net, www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net, www.j111888.com, www.j222888.com, www.j333888.com, www.j666888.com, www.4337.com, www.20288.com, www.js567.com, www.js8666.com, www.js686.com, www.js3333.com, www.js722.com, www.3863.com, www.3863jsc.com, www.jsc0000.com, www.jsc00000.com, www.jsc1111.com, www.jsc11111.com, www.jsc2222.com, www.jsc22222.com, www.jsc3333.com, www.jsc4444.com, www.jsc44444.com, www.jsc5555.com, www.jsc55555.com, www.jsc6666.com, www.jsc88888.com, www.jsc9999.com, www.jsc99999.com, www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com, www.2088666.com, www.2099666.com, www.8566999.com, www.8577999.com, www.8766999.com, www.9500888.com, and www.929266.com.

85.     The Defendants' infringement of Plaintiff's copyrights has, at all times, been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

86.     The Defendants profited and continue to profit from their infringement of Plaintiff's copyrights in the form of revenues received from their online casinos and/or revenues received from the direction of Internet traffic to their online casinos.

///

87.     As a direct and proximate result of the Defendants' infringement of Plaintiff's exclusive rights in the Sunburst design, Plaintiff is entitled to actual damages, including Defendants' profits attributable to the infringement, as will be proven at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, in the amount of $150,000 or such other amounts as may be just and appropriate under 17 U.S.C. § 504(c).

88.     Plaintiff is also entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

89.     The Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured by an award of money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief prohibiting the infringement of Plaintiff's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.      An order granting Plaintiff leave to serve subpoenas upon GoDaddy (the domain name registrar) and Domains By Proxy (the privacy protection service utilized by Defendants), for the purpose of identifying the Defendants and obtaining their contact information, including their physical and email addresses;

B.      An order permitting Plaintiff to serve the Summons, Complaint, and all other papers upon Defendants by email to the registrant email address currently listed in the WHOIS database for the Domains or to the email address provided by each Defendant to GoDaddy and/or Domains By Proxy in connection with the registration of the Domains;

C.      A temporary, preliminary, and permanent injunction prohibiting Defendants and all other persons acting in concert or participation with Defendants from: (1) using the SANDS Mark, Jinsha characters, and Sunburst design or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, on any website, in any domain name, in any social network user name, in any hidden website text, or in any website metatag; and (2) engaging in false or

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

7080510_1

misleading advertising or commercial activities likely to deceive consumers into believing that any Defendant is Plaintiff or that any Defendant's services are associated or affiliated with, connected to, or approved, or sponsored by Plaintiff;

D.    An order requiring domain name registrar GoDaddy and/or VeriSign, Inc. (the .com domain name registry) to immediately remove or disable the current domain name server information for the Domains, and place the Domains on hold and lock pending further order of the Court;

E.    An award of compensatory, consequential, statutory, and/or punitive damages to Plaintiff in an amount to be determined at trial;

F.    An award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action; and

G.    All other relief to which Plaintiff is entitled.

Dated: this 9th day of December, 2015.

LEWIS ROCA ROTHGERBER LLP

By: __/s/ Jonathan W. Fountain_____
Michael J. McCue
Jonathan W. Fountain
Meng Zhong
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Las Vegas Sands Corp.*