1   Michael J. McCue (NV Bar No. 6055)
    MMcCue@LRRLaw.com
2   Jonathan W. Fountain (NV Bar No. 10351)
    JFountain@LRRLaw.com
3   Meng Zhong (NV Bar No. 12145)
    MZhong@LRRLaw.com
4   LEWIS ROCA ROTHGERBER LLP
    3993 Howard Hughes Parkway, Suite 600
5   Las Vegas, Nevada  89169
    Tel: (702) 949-8200
6   Fax: (702) 949-8398

7   *Attorneys for Plaintiff*
    *Las Vegas Sands Corp.*

8

9                 **UNITED STATES DISTRICT COURT**
10                     **DISTRICT OF NEVADA**

11  LAS VEGAS SANDS CORP.,
    a Nevada corporation,                          Case No.:  2:15-cv-02340
12
                         Plaintiff,
13  v.                                             **PLAINTIFF'S MOTION FOR LEAVE**
                                                   **TO SERVE SUBPOENA AND FOR**
14  XIAOLONG LI, YANG DAWEI, YANG                  **SERVICE BY OTHER MEANS**
    GUANGLIANG, FA DA, JIANGHONG
15  WANG, AND THE UNKNOWN
    REGISTRANTS OF: www.0077.net,
16  www.ca0011.com, www.ca0022.com,
    www.ca0033.com, www.ca0044.com,
17  www.ca0055.com, www.ca1066.com,
    www.ca0077.com, www.ca0088.com,
18  www.ca0099.com, www.036.net,
    www.4047.com, www.09399.com,
19  www.j111888.com, www.j222888.com,
    www.j333888.com, www.j666888.com,
20  www.4337.com, www.js722.com,
    www.3863jsc.com, www.111111.com,
21  www.lz0000.com, www.lz0009.com,
    www.lz11888.com, and www.929266.com,
22
                         Defendants.
23

24        Plaintiff Las Vegas Sands Corp. ("Plaintiff" and/or "Las Vegas Sands") respectfully

25  moves the Court for entry of an order: (a) permitting Las Vegas Sands to serve subpoenas upon

26  GoDaddy.com, LLC ("GoDaddy") and its affiliate Domains By Proxy, LLC ("Domains By

27  Proxy"), for the purpose of identifying the unknown defendant domain name registrants; and

28

(b) permitting Las Vegas Sands to serve the Defendants (both known and unknown) by email.[1]

**PRELIMINARY STATEMENT**

Las Vegas Sands, a publicly traded Fortune 500 company, is the leading global developer of destination properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.

Las Vegas Sands brings this action against the known and unknown registrants of Internet domain names who are using Las Vegas Sands' world famous "Sands" trademark, "Jinsha" characters, and Sunburst design on websites to falsely affiliate themselves with Las Vegas Sands, to lure prospective gamblers to overseas online casinos, and to unlawfully and in bad faith advertise, promote, and provide online casino and gambling services using Las Vegas Sands' federally registered trademarks, common law trademarks, and copyrighted images.

Las Vegas Sands asserts claims for trademark infringement, false designation of origin, and dilution under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A), and 1125(c), respectively, for common law trademark infringement and unfair competition, and for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* Las Vegas Sands seeks injunctive relief as well as damages, attorneys' fees, and costs.

Domain name registrars are required to maintain identifying data of domain name registrants, including the registrant's name, physical address, and email address. Las Vegas Sands has attempted to identify the unknown Defendants by looking up their registrant contact information in the WHOIS database of domain name registrants.[2] Las Vegas Sands was successful in obtaining the names and email addresses of named defendants XIAOLONG LI, YANG DAWEI, YANG GUANGLIANG, FA DA, and JIANGHONG WANG from the WHOIS database.

---

[1] Of the fifty-two (52) domains at issue in this case, the identities of twenty-seven (27) of the domain registrants are known; the remaining registrants are unknown. (*See* Compl. ¶¶ 5-10, 22.)

[2] *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 n.22 (9th Cir. 2009) ("WHOIS is a publically available online database through which users can access information regarding domains, including the registrant's name, address, phone number, and e-mail address").

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

The unknown Defendants, however, have used a privacy protection service provided by GoDaddy and its affiliate Domains By Proxy to hide their true identities, physical addresses, and email addresses.   Instead of the Defendants' actual names, physical addresses, and email addresses, GoDaddy and Domains By Proxy have registered the Domains at issue but have inserted proxy contact information in the WHOIS database.  For example, the WHOIS record for www.0077.net identifies the registrant as "Registration Private," the registrant organization as "Domains By Proxy, LLC" the registrant street address as 14747 N. Northsight Blvd., Suite 111 PMB 309, Scottsdale, AZ, 85260 (the address of GoDaddy and Domains By Proxy), and the registrant email address as 0077.NET@domainsbyproxy.com.

Accordingly, by and through this motion, Las Vegas Sands respectfully requests the following relief:

A.     Entry of an order granting Las Vegas Sands leave to serve subpoenas upon GoDaddy and Domains By Proxy, the registrar of the Domains, for the purpose of obtaining the unknown Defendants' actual contact information (*i.e.*, their actual email and physical addresses) so that they may be served with the Summons, Complaint; and

B.     Entry of an order permitting Las Vegas Sands to serve the Summons, Complaint, and all other papers upon the Defendants: (a) for the known Defendants, to the email address listed in the WHOIS database corresponding to the Domains they have registered; and (b) for the unknown Defendants, to the email address obtained from Go Daddy and/or Domains By Proxy in response to the subpoenas, for each of the corresponding Domains.

This motion is based on the following memorandum of points and authorities, the accompanying Declaration of David William Horton in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Horton Decl."), the accompanying Declaration of Jonathan W. Fountain (the "Fountain Decl."), the pleadings and other papers on file in this case, and any oral argument the Court may require or allow.

///

///

///

## STATEMENT OF FACTS

### Las Vegas Sands and Its Trademarks

Las Vegas Sands is a world famous Fortune 500 company that is publicly traded on the New York Stock Exchange.  Las Vegas Sands is the leading global developer of destination resort properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.  Las Vegas Sands' properties include The Venetian, The Palazzo, and The Sands Expo and Convention Center in Las Vegas, Nevada; Sands Bethlehem in Bethlehem, Pennsylvania; and Marina Bay Sands in Singapore.  Through its 70.2% ownership of Sands China, Ltd., Las Vegas Sands also owns and operates The Venetian Macao, Sands Macao, Four Seasons Hotel Macao, and Sands Cotai Central in Macao.  Las Vegas Sands maintains websites at, among others, <venetian.com>, <palazzo.com>, <sandsexpo.com>, <pasands.com>, <marinabaysands.com>, <venetianmacao.com>, <sandsmacao.com>, and <sandscotaicentral.com>, through which it markets its hotel and casino services and, among other things, provides information and accepts hotel room reservations.  (Horton Decl. ¶ 2.)  The original Sands Hotel in Las Vegas, Nevada, became famous by, among other things, attracting numerous celebrities and serving as the setting for several famous Hollywood films, including the original "Ocean's Eleven" movie.  Since 1952, Las Vegas Sands and its predecessors-in-interest have used the SANDS trademark (in both standard character and stylized forms) to provide, among others, casino services (*i.e.*, gambling and casino games).  (Horton Decl. ¶ 3.)

Also since 1952, Las Vegas Sands' predecessors-in-interest and, since 2004, Las Vegas Sands, have used the Sunburst design alone or in combination with the SANDS mark in connection with casino services.  The Sunburst design appears as follows:



(Horton Decl. ¶ 4.)  As a result of its longstanding and prominent use of the SANDS trademark and Sunburst design in commerce, Las Vegas Sands has developed common law trademark

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

rights in the SANDS trademark and Sunburst design for use in connection with, among others, casino services.  (Horton Decl. ¶ 5.)

In addition to its common law rights, Las Vegas Sands owns trademark registrations for the SANDS trademark worldwide.  In the United States, Las Vegas Sands' federal trademark registrations include, among others, the following:

| Mark | Fed. Reg. No. | First Use | Goods and Services |
|---|---|---|---|
| *Sands* | 1,209,102 | 1/1/1952 | "Entertainment services-namely, providing stage show, gambling and casino services . . . ." |
| **SANDS** | 3,734,615 | 12/31/1952 | "[P]roviding casino and gaming services; providing casino and gambling facilities . . . ." |
| *Sands* | 3,838,397 | 11/30/1996 | "Casino services; gambling services; gaming services; Entertainment services in the nature of boxing contests and art exhibitions; arranging of seminars and conferences; educational demonstrations; rental of audio-visual equipment; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production." |
| **SANDS** | 3,850,500 | 11/30/1996 | "Casino services; gambling services; gaming services; entertainment services in the nature of boxing contests and art exhibition; arranging of seminars and conferences; educational demonstrations; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production." |

(Horton Decl. ¶ 6 & Ex. A.)

Las Vegas Sands Corp. also owns a Nevada state trademark registration for SANDS HOTEL & CASINO (Reg. No. TN00250422).   (Las Vegas Sands' federal trademark registrations and common law rights in the SANDS mark shall be collectively referred to as the "SANDS Mark").  (Horton Decl. ¶ 7.)  Based on its federal and state trademark registrations and its longstanding and exclusive use of the SANDS Mark, Las Vegas Sands owns the exclusive right to use the SANDS Mark in commerce.  (Horton Decl. ¶ 8.)  The SANDS Mark has become

1    distinctive and famous in the United States for, among other services, casino and gaming

2    services.  (Horton Decl. ¶ 9.)

3      In addition to the foregoing trademark rights, Las Vegas Sands is the owner of all

4    copyrights in and to the Sunburst design.  Las Vegas Sands' predecessors first published the

5    Sunburst design on December 15, 1952.  Las Vegas Sands registered its copyrights in the

6    Sunburst design with the U.S. Copyright Office effective June 21, 2010, and was granted U.S.

7    Copyright Registration Certificate No. VA 1-724-059.  (Horton Decl. ¶ 10 & Ex. B.)  Further,

8    since 2004, Las Vegas Sands has used two Chinese language characters known as "Jinsha" in

9    connection with its gaming, hotel, entertainment, and other services provided at its Sands Macao

10    property, to act as the Chinese language equivalent of the SANDS Mark.  Roughly translated,

11    Jinsha means "golden sands" in Chinese.  As a result of its use of the Jinsha characters in

12    commerce in connection with its goods and services, Las Vegas Sands owns common law rights

13    in the Jinsha characters, which appear below:



14

15

16

17    (Horton Decl. ¶ 11.)

18                 **The Defendants' Infringing Conduct**

19      The Defendants have set up a network of Internet websites that are accessible to U.S.

20    citizens that are designed to drive Internet users to one or more online casinos.  (Horton Decl.

21    ¶ 12.)

22      The infringing websites appear at the following Internet locations: www.0077.net,

23    www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com,

24    www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net,

25    www.4047.com, www.09399.com, www.j111888.com, www.j222888.com, www.j333888.com,

26    www.j666888.com, www.4337.com, www.20288.com, www.js567.com, www.js8666.com,

27    www.js686.com, www.js3333.com, www.js722.com, www.3863.com, www.3863jsc.com,

28    www.jsc0000.com,       www.jsc00000.com,       www.jsc1111.com,       www.jsc11111.com,

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1   www.jsc2222.com,        www.jsc22222.com,        www.jsc3333.com,        www.jsc4444.com,

2   www.jsc44444.com,        www.jsc5555.com,        www.jsc55555.com,        www.jsc6666.com,

3   www.jsc88888.com,        www.jsc9999.com,        www.jsc99999.com,        www.111111.com,

4   www.lz0000.com,        www.lz0009.com,        www.lz11888.com,        www.2088666.com,

5   www.2099666.com,        www.8566999.com,        www.8577999.com,        www.8766999.com,

6   www.9500888.com, and www.929266.com (collectively, the "Domains").    GoDaddy is the

7   registrar of each Domain.  (Horton Decl. ¶ 13.)

8            Five of the Domains (*i.e.*, www.0077.net,    www.4047.com, www.09399.com,

9   www.3863.com, and www.3863jsc.com) are "directory" sites that provide links to several other

10  online casino websites.    All but two of the Domains (www.4047.com and www.09399.com)

11  display unauthorized and infringing reproductions of the SANDS Mark, the Sunburst design,

12  and/or the Jinsha characters.  (Horton Decl. ¶ 14.)  Taking the Domains in order, the website

13  located at www.077.net is a "directory" site that contains links to casino webpages.  An image of

14  www.077.net is set forth below:



Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

(Horton Decl. ¶ 15.)   This "directory" page displays the SANDS Mark, Jinsha characters, and Sunburst design and links to the following domains: www.ca0011.com, www.ca0022.com, www.ca0033.com, www.ca0044.com, www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com, www.036.net.   Each of these domains operate an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands.   All display the following online casino:



(Horton Decl. ¶ 16.)   As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the lower, right-hand, corner of the page.   (Horton Decl. ¶ 17.)

///

///

///

///

///

///

///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-8-

7080986_2

1    The webpages located at www.4047.com and www.09399.com are Chinese-language

2 directory pages that contain Chinese-language links to online casinos:



www.4047.com



www.9039.com

(Horton Decl. ¶ 18.)

///
///
///
///
///
///
///
///
///
///
///
///
///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1    These directory pages link to the following domains: www.j111888.com,

2  www.j222888.com, www.j333888.com, and www.j666888.com.   Each of these domains

3  operates an online casino purporting to be associated with, affiliated with, approved by, or

4  sponsored by Las Vegas Sands.   All display the following online casino:



20  (Horton Decl. ¶ 19.)

21    As the above screenshot clearly demonstrates, to mislead customers, the webpage

22  prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-

23  hand, corner of the page and again in the middle of the page.  (Horton Decl. ¶ 20.)

24  ///

25  ///

26  ///

27  ///

28  ///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

The website located at www.4337.com displays a similar online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



(Horton Decl. ¶ 21.)

As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-hand, corner of the page and again in the middle of the page.  (Horton Decl. ¶ 22.)

///
///
///
///
///
///
///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

The website located at www.20288.com displays an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



(Horton Decl. ¶ 23.)

As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, center, portion of the page and again in the center-right portion of the page. (Horton Decl. ¶ 24.)

///

///

///

///

///

///

///

1    The websites located at: www.js567.com, www.js8666.com, www.js686.com, and

2  www.js3333.com display an online casino purporting to be associated with, affiliated with,

3  approved by, or sponsored by Las Vegas Sands:



19  (Horton Decl. ¶ 25.)

20    As the above screenshot clearly demonstrates, to mislead customers, the webpage

21  prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-

22  hand corner of the page, on the vertical hotel tower, and again in the middle of the page.  (Horton

23  Decl. ¶ 26.)

24  ///

25  ///

26  ///

27  ///

28  ///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1    The website located at: www.js722.com displays a similar online casino purporting to be

2    associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



19    (Horton Decl. ¶ 27.)

20    As the above screenshot clearly demonstrates, to mislead customers, the webpage

21    prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the upper, left-

22    hand corner of the page, on the vertical hotel tower, and in the middle of the page.  (Horton Decl.

23    ¶ 28.)

24    ///

25    ///

26    ///

27    ///

28    ///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-14-

The websites located at www.3863.com and www.3863jsc.com are each directory pages that appear as follows:



(www.3863.com)



(www.3863jsc.com)

(Horton Decl. ¶ 29.)

///

1   As the above screenshots clearly demonstrate, to mislead customers, the webpages

2   prominently feature the SANDS Mark, Jinsha characters, and Sunburst design.   These sites link

3   to the following domains: www.jsc0000.com, www.jsc00000.com, www.jsc1111.com,

4   www.jsc11111.com,       www.jsc2222.com,       www.jsc22222.com,       www.jsc3333.com,

5   www.jsc4444.com,       www.jsc44444.com,       www.jsc5555.com,       www.jsc55555.com,

6   www.jsc6666.com, www.jsc88888.com, www.jsc9999.com, and www.jsc99999.com.   Each of

7   these domains operates an online casino purporting to be associated with, affiliated with,

8   approved by, or sponsored by Las Vegas Sands.   All display the following online casino:

9



24   (Horton Decl. ¶ 30.)   As the above screenshot clearly demonstrates, to mislead customers, the

25   webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the

26   upper, left-hand corner of the page.  (Horton Decl. ¶ 31.)

27   ///

28   ///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

The websites located at: www.111111.com, www.lz0000.com, www.lz0009.com, www.lz11888.com, www.2088666.com, www.2099666.com, www.8566999.com, www.8577999.com, www.8766999.com, and www.9500888.com display an online casino purporting to be associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



(Horton Decl. ¶ 32.)

As the above screenshot clearly demonstrates, to mislead customers, the webpage prominently features the SANDS Mark, Jinsha characters, and Sunburst design in the middle of the page.  (Horton Decl. ¶ 33.)

///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1    The website located at www.929266.com display an online casino purporting to be

2  associated with, affiliated with, approved by, or sponsored by Las Vegas Sands:



18  (Horton Decl. ¶ 34.)

19    As the above screenshot clearly demonstrates, to mislead customers, the webpage

20  prominently features the SANDS Mark and the Sunburst design in the upper, left-hand, corner of

21  the page.  (Horton Decl. ¶ 35.)

22    The Domains offer specific casino games such as card games, roulette, or dice games, the

23  same games offered by Las Vegas Sands at The Venetian, The Palazzo, Sands Bethlehem,

24  Marina Bay Sands, The Venetian Macao, Sands Macao, Four Seasons Hotel Macao, and Sands

25  Cotai Central in Macao.  (Horton Decl. ¶ 36.)

26    The Domains permit gamblers to register, create individual financial accounts, and

27  gamble online.  (Horton Decl. ¶ 37.)

28    Las Vegas Sands has not consented to, approved of, or authorized Defendants' use of the

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1  SANDS Mark, Jinsha characters, or Sunburst design in connection with the Domains.  (Horton

2  Decl. ¶ 38.)

3  **Las Vegas Sands Has Suffered and Will Continue to Suffer Irreparable Harm**

4  As set forth above, the Defendants are operating Internet casinos that are accessible to

5  consumers located in the United States. (Horton Decl. ¶ 39.)  The Defendants are doing so using

6  identical versions of the SANDS Mark used by Las Vegas Sands.  (*Id*.)  In addition, both Las

7  Vegas Sands and the Defendants are providing the same services under the SANDS Mark.  (*Id*.)

8  Las Vegas Sands and its predecessors have been providing gaming services under the SANDS

9  Mark since 1952.  (*Id*.)  The Defendants' online casinos provide gaming services and, in some

10  cases, purport to allow users to participate in live casino games being played at brick-and-mortar

11  casinos by proxy.  (*Id*.)

12  Because of the likelihood that confused consumers will mistakenly attribute to Las Vegas

13  Sands defects or negative impressions they have of Defendants' gaming services, Las Vegas

14  Sands' excellent reputation has been harmed and continues to be threatened. (Horton Decl. ¶ 40.)

15  Consumer confusion has occurred, is continuing to occur, and is inevitable, resulting in a loss of

16  control over Las Vegas Sands' reputation and goodwill. (*Id.*)

17  Here, the gambling public is aware of the Defendants' and similar online casinos, have

18  had negative experiences with them, and have associated those negative experiences with Las

19  Vegas Sands.  (Horton Decl. ¶ 41.)  For example, as cited in an earlier case filed by Las Vegas

20  Sands against similar online casinos, on or about January 10, 2014, Las Vegas Sands received an

21  email from a person who claims to have been cheated by an online casino operated at

22  www.358.com, a Chinese Internet casino that also used the SANDS Mark.  (*Id*.)  The email

23  states:

24  > I am playing the game at **sands** (www.358.com). (www.358.com) is cheating me.
   > They do not pay money to me from 2014-1-8.  They are cheats.  I am very angry.

25  > My account name is myray.  Please help me. I am in Shanghai, China.

26  (*See* No. 2:14-cv-00424-JCM-NJK, *Las Vegas Sands Corp. v. First Cagayan Leisure & Resort*

27  *Corp. et al*., Doc. 4, Decl. of Dave Horton in Supp. of Pl.'s *Ex Parte* Mot. for TRO, Alternative

28  Service, and Prelim. Inj., dated March 19, 2014 ¶ 24.)  (Emphasis added.)  (Horton Decl. ¶ 41.)

1   Upon information and belief, there are additional consumers who have been deceived and

2   confused by the Defendants' use of the SANDS Mark on their online casinos but who have not

3   reported the Defendants' fraudulent conduct to Las Vegas Sands.  (Horton Decl. ¶ 42.)  Based

4   upon their negative experiences, persons who associate Las Vegas Sands with the Defendants'

5   fraudulent activities due to the Defendants' use of the SANDS Mark have a negative opinion of

6   Las Vegas Sands, and are extremely unlikely to ever become customers or repeat consumers of

7   Las Vegas Sands' gaming services, and are likely to tell others about their negative experiences.

8   (*Id.*)

9   In addition, Las Vegas Sands' has achieved an excellent reputation for providing gaming

10   services under the SANDS Mark, in-part, because Las Vegas Sands' casinos are regulated and

11   licensed in their respective jurisdictions, and adhere to the federal, state, and local statutes, rules,

12   regulations, and ordinances that govern the provision of gaming services in their respective

13   jurisdictions. (Horton Decl. ¶ 43.)  Many of these laws, rules, regulations, and ordinances are

14   designed to, among other things, inspire consumer confidence in gaming, protect the consuming

15   public from fraud and other unscrupulous gaming practices, provide a means of settling

16   gambling disputes, and protect vulnerable persons.  (*Id.*)  For example, in Nevada, Las Vegas

17   Sands may not provide gaming services to persons under 21 years of age.  *See* Nev. Rev. Stat.

18   § 463.350.  (Horton Decl. ¶ 43.)  Las Vegas Sands' lawful gaming activities are also subject to

19   close scrutiny and oversight by State gaming regulators.  (*Id.*)  In contrast, the Defendants'

20   online casinos are not regulated by any legitimate governing body, do not operate according to

21   any recognized standards, and appear to have no quality control safeguards, consumer protection

22   safeguards, or legitimate means of resolving gaming disputes.  (*Id.*)  Thus, there are no

23   safeguards preventing at-risk persons, such as persons under the age of 21, from being defrauded

24   or otherwise victimized by the Defendants' casinos.  (*Id.*)  Upon information and belief, in

25   addition to engaging in fraudulent gaming practices, the Defendants are providing gaming

26   services, without restriction, to any person who utilizes Defendants' services.  (*Id.*)  To the extent

27   the Defendants have engaged in fraudulent gaming practices and are providing gaming services

28   to such persons, Las Vegas Sands' reputation has been damaged by the Defendants' use of the

1    SANDS Mark. (*Id.*)

2           Upon information and belief, Las Vegas Sands is also losing business to the Defendants'

3    online casinos. (Horton Decl. ¶ 44.)  Persons who would otherwise travel to the United States to

4    gamble at Las Vegas Sands' casinos in Las Vegas, Nevada, are instead gambling at the

5    Defendants' online casinos.  (*Id.*)  The true scope and extent to which the Defendants' activities

6    have resulted in lost revenue and will continue to do so is not known, cannot be measured, and

7    will continue in the absence of a preliminary injunction. (*Id.*)

8           In addition, it is unlikely that Las Vegas Sands will be able to recover on a money

9    judgment entered against the Defendants. (Horton Decl. ¶ 45.)  The defendants are known to use

10   false identities and are located principally in mainland China.  (*Id.*)

11          Moreover, and most importantly, Defendants are creating the perception that Las Vegas

12   Sands has approved of, authorized, affiliated itself with, or sponsored Defendants' online

13   gambling services when in fact it has not. (Horton Decl. ¶ 46.)  Las Vegas Sands publicly

14   opposes Internet gambling and has formed the Coalition to Stop Internet Gambling, an advocacy

15   group dedicated to preventing the proliferation of Internet gambling.  (*Id.*)  Las Vegas Sands and

16   the Coalition to Stop Internet Gambling are opposed to the proliferation of online gambling for,

17   among other reasons, the fact that insufficient safeguards exist to protect, children, the elderly,

18   the mentally handicapped, and others from being defrauded by unscrupulous and unregulated

19   Internet casinos, like the very ones operated by the Defendants in this case.  (*Id.*)  The

20   Defendants' use of an identical version of the SANDS Mark on the homepages of their online

21   casinos, even though unauthorized by Las Vegas Sands, affects Las Vegas Sands' credibility and

22   threatens to interfere with Las Vegas Sands' and the Coalition to Stop Internet Gambling's

23   efforts to stop the proliferation of Internet gambling.  (*Id.*)  This harm cannot be quantified or

24   adequately redressed by an award of money damages, and therefore is irreparable.  (*Id.*)

25   The injuries Las Vegas Sands has suffered, namely, injury to its reputation, loss of sales revenue,

26   and the interference with its efforts to stop the proliferation of Internet gambling are injuries that

27   cannot be measured or compensated for by an award of money damages, and, therefore, are

28   irreparable and will continue in the absence of a preliminary injunction. (Horton Decl. ¶ 47.)

**LEGAL STANDARDS**

**A.      Expedited Discovery**

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d).  The requesting party must demonstrate good cause for earlier discovery.  *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

**B.      Alternative Service**

Rule 4 of the Federal Rules of Civil Procedure governs service upon an individual located in a foreign country.  Rule 4(f) provides as follows:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by **other means** not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  (Emphasis added.)

Pursuant to Rule 4(f)(3), the Court may authorize **other means** of service. *Rio*

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

*Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and e-mail under Fed. R. Civ. P. 4(f)(3)).  The **other means** referenced in Rule 4(f)(3) must comport with constitutional notions of due process; namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rule 4(f)(3)'s **other means** provision is an independent basis for service of process and is neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2).  *See Rio Properties, Inc.*, 284 F.3d at 1015-16 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief"). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.*, at 1015 (citing *Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (permitting service of process upon a defendant located in Russia by sending the summons and complaint by certified mail to the defendant's attorneys at the New York law firm of Skadden, Arps, Slate, Meagher & Flom LLP)).

"[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc.*, 284 F.3d at 1014 (citation omitted).

## **ARGUMENT**

### I.  THE COURT SHOULD ENTER AN ORDER PERMITTING LAS VEGAS SANDS TO SERVE SUBPOENAS TO IDENTIFY THE DEFENDANTS.

Good cause exists to permit Las Vegas Sands to serve GoDaddy and Domains By Proxy with subpoenas to determine the Defendants' identities and contact information so that Las Vegas Sands may serve the Defendants with the Summons and Complaint.  In *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980), the Ninth Circuit stated that "situations arise . . .

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

7080986_2

1   where the identity of alleged defendants will not be known prior to the filing of a complaint.  In

2   such circumstances, the plaintiff should be given an opportunity through discovery to identify the

3   unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

4   complaint would be dismissed on other grounds."

5          That is precisely the situation here.  The unknown Defendants are believed to reside in

6   China.  (Fountain Decl. ¶ 3.)  However, Las Vegas Sands and its counsel do not possess the

7   unknown Defendants' actual names, physical addresses, or their email addresses because the

8   unknown Defendants used a privacy protection service provided by GoDaddy and Domains By

9   Proxy when they registered the Domains.  (*Id.* ¶ 5.)  They presumably did so to hide their true

10  identities, physical addresses, and email addresses from the public.   (*Id.*)   Instead of the

11  Defendants' actual names, physical addresses, and email addresses, GoDaddy and Domains By

12  Proxy registered the Domains but inserted proxy identifying and contact information in the

13  WHOIS database to conceal the Defendants' true identities and contact information and thereby

14  prevent it from being included in the publicly available WHOIS database.  (*Id.*)  For example,

15  the WHOIS record for www.0077.net identifies the registrant as "Registration Private," the

16  registrant organization as "Domains By Proxy, LLC" the registrant street address as 14747 N.

17  Northsight Blvd., Suite 111 PMB 309, Scottsdale, AZ, 85260 (the address of GoDaddy and

18  Domains By Proxy), and the registrant email address as 0077.NET@domainsbyproxy.com.  (*See

19  id.* ¶ 6 & Ex. A.)  Because the unknown Defendants' identities and contact information is not

20  listed in the WHOIS database, Las Vegas Sands and its counsel have been unable to identify the

21  unknown Defendants or serve the unknown Defendants with the Summons and Complaint.  (*Id.*

22  ¶ 7.)

23          Privacy protection services like those offered by GoDaddy and Domains By Proxy

24  typically forward emails directed to the *proxy* email address found in the WHOIS database to the

25  domain name registrant.  (*Id.* ¶ 8.)  However, if Las Vegas Sands used the proxy email addresses

26  to serve the Summons and Complaint, it would have no way of knowing whether the unknown

27  Defendants received the documents and would have no way of identifying the unknown

28  Defendants unless the unknown Defendants acknowledged receipt of the documents and

identified themselves to Las Vegas Sands.  (*Id.*)  This is something the unknown Defendants are unlikely to do given that they chose to conceal their identities and contact information in the first place.  (*Id.*)  Absent the issuance of subpoenas to GoDaddy and Domains By Proxy, Las Vegas Sands and its counsel will have no other reliable means of identifying the unknown Defendants or obtaining their actual contact information.  (*Id.* ¶ 9.)

Accordingly, good cause exists, and the Court should permit Las Vegas Sands to serve subpoenas upon GoDaddy and Domains By Proxy in order to identify the unknown Defendants and obtain their contact information.

## II.  THE COURT SHOULD ENTER AN ORDER PERMITTING LAS VEGAS SANDS TO SERVE THE DEFENDANTS BY EMAIL.

Service of a summons and complaint by e-mail is an effective method of service.  *See Rio Properties, Inc.*, 284 F.3d at 1018.  Indeed, courts have relied on Rule 4(f)(3) (and its predecessor, Rule 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*, service by fax, e-mail, ordinary mail and publication.  *Id.* at 1016; *Absolute Swine Insemination Co., (H.K.) Ltd. v. Absolute Swine Insemination Co., LLC*, No. 2:12-cv-00606-KJD-PAL, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (ordering service by international mail to defendant's residence in the Philippines); *accord Haffner Int'l Mktg. Group, Inc. v. Sahin*, No. 2:13-cv-0459-JCM-VCF, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (holding that service on a foreign defendant was proper because service through the Hague Convention on the Service of Judicial and Extrajudicial Documents Abroad was "expensive and protracted" and would result in undue delay).

All of the Defendants were *required* to provide their names, physical addresses and email addresses to GoDaddy – the domain name registrar – when they registered the Domains. GoDaddy's domain name registration agreement provides as follows:

> You agree that for each domain name registered by you, the following contact data is required: postal address, email address, telephone number, and if available, a facsimile number for the Registered Name Holder and, if different from the Registered Name Holder, the same contact information for, a technical contact, an administrative contact and a billing contact.

*See* GoDaddy Domain Name Registration Agreement ¶ 4, available at:

https://www.godaddy.com/agreements/showdoc.aspx?pageid=REG_SA  (last accessed August 19, 2015).

In addition, all of the Defendants agreed to receive notices concerning the Domains by email.  The GoDaddy domain name registration agreement further states that: "You agree that your failure to comply completely with the terms and conditions of this Agreement and any GoDaddy rule or policy may be considered by GoDaddy to be a material breach of this Agreement and GoDaddy may provide you with notice of such breach either in writing or electronically (i.e. email)."  *Id.* ¶ 7.  Based upon the terms of the domain name registration agreement, GoDaddy is in possession of the Defendants' names, physical addresses, and email addresses, and could provide that information to Las Vegas Sands if subpoenaed.  Once GoDaddy provides the Defendants' identities and contact information, the Defendants may be served through the email address they provided to GoDaddy when they registered the Domains.

Also, due process concerns are satisfied because the Defendants provided their email address to GoDaddy and agreed to receive notices concerning the Domains by email. Confirmation of the email's delivery can be obtained by requesting a delivery receipt when the email is sent.  If the email is undeliverable, the email will be returned with a notice that the email could not be delivered.  Thus, service by email is reasonably calculated to apprise the Defendants of the pendency of this case and is reasonably calculated to afford the Defendants with an opportunity to appear and present their objections to this action.

Moreover, service by email is the only reasonable alternative in this type of case. Although China is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, *see* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (identifying member nations) (last accessed on August 19, 2015), service through the Hague Convention is a process that is expensive, uncertain, and time consuming, inasmuch as service could take several months.  *See, e.g.,* http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html (listing methods of international service).  In contrast, service by email is immediate, receipt can be confirmed, and the email addresses the Defendants provided to GoDaddy are highly reliable because they were required by GoDaddy as

1    the preferred and agreed upon means of communicating with the Defendants with respect to the

2    Domains.

3          Furthermore, Las Vegas Sands is unaware of any international agreement that would

4    prohibit service of the Summons and Complaint by email.

5                         **CONCLUSION**

6          Based on the foregoing points and authorities, Las Vegas Sands respectfully requests the

7    following relief:

8          A.    Entry of an order granting Las Vegas Sands leave to serve subpoenas upon

9    GoDaddy and Domains By Proxy for the purpose of obtaining the unknown Defendants' actual

10   contact information (*i.e.*, their actual email and physical addresses) so that they may be served

11   with the Summons, Complaint; and

12         B.    Entry of an order permitting Las Vegas Sands to serve the Summons, Complaint,

13   and all other papers upon the Defendants: (a) for the known Defendants, to the email address

14   listed in the WHOIS database corresponding to the Domains they have registered; and (b) for the

15   unknown Defendants, to the email address obtained from Go Daddy and/or Domains By Proxy

16   in response to the subpoenas, for each of the corresponding Domains.

17         Dated: this 9th day of December, 2015.

18                        LEWIS ROCA ROTHGERBER LLP

19
                     By:   /s/ Jonathan W. Fountain     

20                        Michael J. McCue

                     Jonathan W. Fountain

21                        Meng Zhong

                     3993 Howard Hughes Parkway, Suite 600

22                        Las Vegas, Nevada  89169

                     Tel: (702) 949-8200

23                        Fax: (702) 949-8398

24

25                        *Attorneys for Plaintiff*
                     *Las Vegas Sands Corp.*

26

27

28