# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

|  |  |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation, | Case No. 2:15-cv-02340-GMN-VCF |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | MOTION FOR DEFAULT JUDGMENT (ECF NO. 26) |
| XIAOLONG LI, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 26).

This is a trademark infringement action brought by Las Vegas Sands Corp. ("Las Vegas Sands") against unknown registrants of Internet domains ("Defendants"). Las Vegas Sands alleges that Defendants have been using, and are continuing to use, Las Vegas Sands' federally registered "Sands" trademark, Sunburst design, and "Jinsha" characters on websites to falsely affiliate themselves with Las Vegas Sands, to lure prospective gamblers to overseas online casinos, and to unlawfully and in bad faith advertise, promote, and provide online casino and gambling services. (Amend. Compl., ECF No. 14).

On June 28, 2016, Las Vegas Sands filed a motion for entry of clerk's default. (ECF No. 23). Clerk's entry of default and amended default were entered on June 29, 2016. (ECF Nos. 24 & 25). Las Vegas Sands now moves for default judgment. (ECF No. 26).

## I.      LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. It states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and

that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. FED. R. CIV. P. 55(b)(2). Before considering whether default judgment should be entered, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment without jurisdiction is void. *Id.* (citations omitted). If jurisdiction exists, the court's decision to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.").[1] Generally, the court accepts the factual allegations in the plaintiff's complaint as true but requires the plaintiff to prove damages. *Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

The Ninth Circuit has adopted seven factors courts may consider when adjudicating a motion for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 MOORE'S FEDERAL PRACTICE ¶ 55-05[2], at 55-24 to 55-26). The factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72 (applying four of the seven factors).

## II.   DISCUSSION

---

[1] Federal Rule of Civil Procedure 54(c) limits the court's discretion in one respect. It states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Under Rule 55, the court must engage in three inquiries when recommending default judgment against Defendants: (1) whether the court has jurisdiction and can enter default judgment; (2) whether the court should enter default judgment (i.e., do the *Eitel* factors favor Sands?); and (3) whether Sands has proven damages. Each inquiry is addressed below.

## I. Whether Jurisdiction Exists

The court's analysis of Sands' motion begins with jurisdiction. *In re Tuli*, 172 F.3d at 712. When examining a motion for default judgment, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *Id*. Generally, jurisdictional allegations must be plausible. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) cert. denied, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014). However, on a motion for default judgment, the court accepts the plaintiff's allegations as true. *Heidenthal*, 826 F.2d at 917–18. As discussed below, the court finds it has subject-matter jurisdiction over Sands' action and personal jurisdiction over Defendants.

### a. Subject Matter Jurisdiction

First, the court considers whether it has subject matter jurisdiction over Sands' action. Under 28 U.S.C. § 1331, the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Sands' complaint alleges violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Amend. Compl. ECF No. 14). Additionally, the Lanham Act "grants the federal district courts original jurisdiction over all actions arising under it." 15 U.S.C. § 1121(a). The Lanham Act is a law of the United States and gives federal district courts jurisdiction. The court finds subject matter jurisdiction exists under 15 U.S.C. § 1051 *et seq.*

### b. Personal Jurisdiction

The court considers whether it has personal jurisdiction over Defendants. A federal district court may only exercise specific personal jurisdiction over a defendant if two requirements are met. *Sec. &*

*Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).  The court must have a basis for asserting jurisdiction.  *Id*.  Plaintiff must satisfy the minimum-contacts test and must perfect the mechanism for asserting jurisdiction.  *Id*.  Defendants must be properly served under Rule 4.  *Id*.

Las Vegas Sands has satisfied both requirements.  With regard to the court's basis for asserting personal jurisdiction, the court may exercise jurisdiction over a nonresident defendant if the following three requirements are met: (1) the defendant must have purposefully directed activities at a resident in the forum, (2) the plaintiff's claim arises from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002).

If a non-resident defendant intentionally harms a forum resident, then the first prong of the court's jurisdictional inquiry is satisfied.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1229 (9th Cir.2011)).  In *Mavrix Photo,* the defendant's use of the plaintiff's copyrighted photos "as part of its exploitation of the [forum state's] market for its own commercial gain" justified the exercise of jurisdiction over the defendant.  *Id*.

The plaintiff bears the burden on the first two prongs.  *Best Odds Corp. v. iBus Media Ltd.*, No. 2:13-CV-02008-RCJ, 2014 WL 2527145, at *2 (D. Nev. June 4, 2014).  If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable.  *Id.*

Here, the court has personal jurisdiction over Defendants.  Defendants intentionally use Las Vegas Sands' trademark, Sunburst Design, and "Jinsha" characters which are Sands' registered trademarks, therefore, the first prong is satisfied.  *Mavrix* 647 F. 3d at 1229.

Las Vegas Sands' claims arise from the defendants' forum related activities and therefore the second prong is satisfied.  *Burger King*, 471 U.S. at 472.  Las Vegas Sands' claims arise directly from the

Defendants' targeting of Las Vegas Sands and its casinos located in Las Vegas, Nevada (ECF No. 14 at 2).

The burden now shifts to Defendants to come forward with a compelling case as to why the exercise of jurisdiction would not be reasonable.  They have not, which satisfies the third prong.

 In addition to satisfying the minimum-contacts test, Las Vegas Sands properly served Defendants in accordance with a court order permitting Las Vegas Sands to serve Defendants by email.  (ECF No. 13).  The court finds that personal jurisdiction exists over Defendants.

## II.   Whether the Eitel Factors Favor Default Judgment

Because the court's jurisdictional requirements are satisfied, the court proceeds to the second question: whether the court should enter default judgment under *Eitel*.  This decision is discretionary and informed by seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471–72; *Aldabe*, 616 F.2d at 1092.  Each is addressed below.

### a.   The First Factor – The Possibility of Prejudice to Sands

The first factor favors entering default judgment.  Defendants were properly served in this action and is therefore aware of their infringing conduct.  (ECF No. 21).  Defendants have not answered or otherwise defended against Las Vegas Sands' claims and a default has been entered.  (ECF No. 25).  Defendants' failure to answer or defend against Las Vegas Sands' claims is prejudicial to Las Vegas Sands because its claims cannot otherwise be resolved on the merits absent Defendants' participation.  Las Vegas Sands will effectively be denied relief if not granted a default judgment.  *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiff's motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").  Here, the allegations in Las Vegas Sands'

First Amended Complaint and the verified facts in Horton's Declaration show that Las Vegas Sands has suffered and will continue to suffer actual irreparable injury and harm to its reputation and goodwill.   The First Amended Complaint states that the Defendants set up a network of Internet websites that are accessible to U.S. Citizens and that are designed to drive Internet users to one or more online casinos. (ECF No. 14).  Plaintiff alleges that this has "mislead consumers into believing that they are gambling at casinos owned or operated by Las Vegas Sands, the Domains prominently display the SANDS Mark, Sunburst design, and/or Jinsha characters, large images of Las Vegas Sands' brick-and-mortar casinos, and images associated with gambling, such as cards, roulette wheels, dice, casino chips, and slot-machines." (ECF No. 26 at 14). Thus, the first *Eitel* factor weighs in favor of an entry of default judgment.

**b.   The Second and Third Factors – The Merits of Sands' Substantive Claims and the Sufficiency of the Amended Complaint**

The second and third factors favor entering default judgment.  To warrant default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted.  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  Sands' amended complaint satisfies this standard because its claims "cross the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Sands' amended complaint states six claims for relief that derive from the same nucleus of operative facts: The complaint alleges: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a); (2) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c); (4) common law trademark infringement; (5) common law unfair competition; (6) copyright infringement, 17 U.S.C. § 101 et *seq.*

**i.   The First Claim – Cybersquatting under the Lanham Act**

To prevail on the first claim, Las Vegas Sands must demonstrate its claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114.  To state a claim for trademark infringement, a

plaintiff must allege: (1) ownership of a valid, protectable mark; and (2) that the alleged infringer is using a confusingly similar mark. *Herb Reed Enterprises, LLC v. Florida Ent'mt Mgm't, Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). Las Vegas Sands has sufficiently alleged each of these elements.  (ECF No. 26 at 7).

Because the court accepts these allegations as true, *Heidenthal,* 826 F.2d at 917-918, Sands has plausibly alleged Defendants have a bad faith intent to profit from the Sands Mark, Sunburst design, and or the Jinsha characters for use in connection with, among other services, "casino and gaming services." (ECF No. 14).

Las Vegas Sands alleges that Defendants are using a confusingly similar Sands Mark, Sunburst design, and or the Jinsha characters on their websites.  The Amended Complaint contains images from Defendants' websites showing their use of the unauthorized Sands Mark, Sunburst design, and or the Jinsha characters (ECF No. 14).  Accepting these allegations as true, Las Vegas Sands has stated a *prima facie* claim for trademark infringement under the Lanham Act.   The second and third *Eitel* factors are satisfied and favor entry of default judgment.

### **Fourth Factor – The Sum of Money at Stake in the Action**

The fourth factor favors entering default judgment.  The fourth factor considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *PepsiCo, Inc.*, 725 F. Supp. 2d at 921 (N.C. Cal. 2010).

Las Vegas Sands seeks damages, including Defendants' profits attributable to the infringement, or alternatively, maximum statutory damages, in the amount of $150,000 or other such amounts appropriate under 17 U.S.C. § 504(c).  (ECF No. 14 at 26).  The sum of money at stake in the action is appropriate to the seriousness of Defendants' conduct.  The court has wide discretion in tailoring monetary damages to the alleged harm. *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). The fourth *Eitel* factor weighs in favor of an entry of default judgment.

### c. Fifth Factor – The Possibility of a Dispute Concerning Material Facts

The fifth factor favors entering default judgment.  The fifth factor considers the possibility of a dispute regarding any material facts in the case.  *PepsiCo, Inc.*, 725 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  *Id.*

Given the sufficiency of Las Vegas Sands' amended complaint in alleging the facts necessary to establish its claims for relief, and Defendants' subsequent failure to answer, no dispute has been raised regarding material elements in the complaint.  It is unlikely any such dispute will arise.  The fifth *Eitel* factor weighs in favor of an entry of default judgment.

### d. Sixth and Seventh Factor – Whether Default Was Due to Excusable Neglect and the Strong Policy Favoring Decisions on the Merit

The sixth and seventh factors favor entering default judgment.  The sixth factor considers whether the defendant's default was the product of excusable neglect.  *Eitel,* 782 F.2d at 1471-72.  This factor favors default judgment where, as here, the defendant has been properly served.  *Landstar Range, Inc. v. Parth Enterprises, Inc.,* 725 F.Supp.2d 916, 922 (C.D. Cali 2010).

The seventh factor considers the strong policy under Federal Rule of Civil Procedure 55 that "cases should be decided on their merits whenever reasonably possible."  The mere existence of Rule 55(b), however, indicates this preference, standing alone, is not dispositive.  *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.,* 238 F.Supp.2d at 1177.  Where a defendant fails to respond to a complaint, a judgment on the merits is "impractical, if not impossible." *Id.*

Las Vegas Sands properly served Defendants.  There is no evidence before the court that Defendants' failure to respond is due to excusable neglect.  *United States v. High Country Broad, Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding it was appropriate for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).  Defendants' failure to respond renders a decision on the merits impractical, if not impossible.  *PepsiCo,*

*Inc.,* 238 F.Supp.2d at 1177.  The sixth and seventh *Eitel* factors weigh in favor of an entry of default judgment.  Therefore, Las Vegas Sands' motion for default judgment should be granted.

### III.   Permanent Injunctive Relief

The court next considers whether it should award Las Vegas Sands a permanent injunction against Defendants. The Lanham Act "vests the district court with the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116).

The Amended Complaint's allegations which must be accepted as true on a motion for default judgment, *Heidenthal*, 826 F.2d at 917-18, and the facts set forth in the motion for default judgment show that Las Vegas Sands has suffered and will continue to suffer actual irreparable injury and harm to the good reputation and goodwill it has established in the "Sands" trademark, Sunburst design, and "Jinsha" characters absent permanent injunctive relief.  *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citation omitted) (" [I]ntangible injuries, such as damage to .. . goodwill, qualify as irreparable harm."); *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill and reputation is unquantifiable and considered irreparable.").

Several district courts have granted injunctions in the default judgment context by accepting as true the facts alleged in plaintiffs' complaints, including facts establishing irreparable injury. *See, e.g. , Jellybean Entm 't, Inc. v. USNile LLC*, No. 13-cv-144-IEG (WMC), 2013 WL 3147737, at *1 (S.D. Cal. June 19, 2013) (granting injunction in post-Herb Reed trademark case, finding irreparable harm based upon allegations in complaint which must be accepted as true upon default*); Innovative Office Products, Inc. v. Amazon.com*, No. 10-4487, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012) (granting permanent injunction because allegations in complaint must be accepted as true and established patent infringement

and injury to plaintiff); *Strange Music, Inc. v. Anderson*, 419 Fed. App'x 707, 707-08 (W.D. Mo. 2011) ("We conclude that the district court did not abuse its discretion in granting SMI a permanent injunction, as the injunction was supplied by facts alleged in SMI's complaint, which were appropriately deemed to be true."); *Phillip Morris USA, Inc. v. Castworld Prods., Inc.* , 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("since, by defaulting, Defendant is deemed to have admitted the truth of Plaintiffs averments, the evidence before the Court established that Plaintiff will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered").

At bare minimum, these facts supporting an inference that Las Vegas Sands has suffered irreparable harm and will continue to suffer irreparable harm absent injunctive relief. *See, e.g , Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc* ., 765 F.3d 20, 216 (3d Cir. 2014) (rejecting the presumption of irreparable harm in trademark cases) discussed in *Groupe SEE USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 205 (3d Cir. 2014) ("By finding that [plaintiff] SEB established a likelihood of irreparable harm, we are not connecting these facts using a veiled presumption of irreparable harm. Ferring bars such a presumption; we emphasize, however, that Ferring does not bar drawing fair inferences from facts in the record. Indeed, a key lesson from Ferring is that courts considering whether to grant injunctive relief must exercise their equitable discretion in a case-by-case, fact-specific matmer. A critical aspect of fact-finding in this and other contexts is drawing reasonable inferences from facts in the record. The inference drawn by Pollard, the District Court, and now this Court-that SEB is likely to suffer irreparable harm to its brand reputation and goodwill-is supported not by a general rule or presumption but by the literally false comparative advertising claims at issue, the competitive relationship between the parties and products, and the judgment of Pollard that the harm to SEB's brand reputation and goodwill is impossible to quantify. Nor does Ferring change the rule that harm to reputation and goodwill constitutes irreparable harm, so long as the plaintiff makes a clear showing. Based on the facts of this case, we conclude that SEB clearly showed a likelihood of ineparable harm to its brand reputation and goodwill.");

see also, e.g. , *Toyo Tire and Rubber Co., Ltd. v. Kabusikiki Kaisha Toyo Nihoon Rubber Corp.* , No. 2: 14-cv-01847-JAD-VCF (D. Nev. Oct. 26, 2015) (overruling magistrate judge's recommendation that permanent injunction be denied, finding that facts alleged in complaint and in the declaration of plaintiff's director of marketing supported an inference of irreparable harm sufficient to support permanent injunction).

Third, the balance of hardships weighs in Las Vegas Sands' favor. Las Vegas Sands has expended substantial sums of money using and promoting its "Sands" trademark, Sunburst design, and "Jinsha" characters, and any harm to the Defendants resulting from a permanent injunction that merely forces it to comply with the requirements of the law merits little to no equitable consideration.  Public interest lies in favor of upholding property interests in trademarks and preventing customer confusion.  Las Vegas Sands has suffered irreparable harm and because the balance of harms and the public interest weigh in Las Vegas Sands' favor, the Court will permanently enjoin the Defendants and all others acting in concert or participation with them from using the "Sands" trademark, Sunburst design, and "Jinsha" characters in commerce.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Las Vegas Sands' Motion for Default Judgment (EFC No. 26) be GRANTED.

IT IS RECOMMENDED that Las Vegas Sands be awarded DAMAGES in the amount of $150,000.00.

IT IS RECOMMENDED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), GoDaddy and 22net be required to transfer the registrations for the domain names as listed below, to a domain name registrar of Las Vegas Sands' choice.

www.0077.net,  www.ca0011.com,  www.ca0022.com,  www.ca0033.com,  www.ca0044.com,

www.ca0055.com, www.ca1066.com, www.ca0077.com, www.ca0088.com, www.ca0099.com,

www.036.net, www.j111888.com, www.j222888.com, www.j333888.com, www.j666888.com,

www.4337.com, www.20288.com, www.js567.com, www.js8666.com, www.js686.com,

www.js3333.com, www.js722.com, www.3863.com, www.3863jsc.com, www.jsc0000.com,

www.jsc00000.com, www.jsc1111.com, www.jsc11111.com, www.jsc2222.com,

www.jsc22222.com, www.jsc3333.com, www.jsc4444.com, www.jsc44444.com,

www.jsc5555.com, www.jsc55555.com, www.jsc6666.com, www.jsc88888.com,

www.jsc9999.com, www.jsc99999.com, www.111111.com, www.lz0000.com,

www.lz0009.com, www.lz11888.com, www.2088666.com, www.2099666.com,

www.8566999.com, www.8577999.com, www.8766999.com, www.9500888.com, and

www.929266.com.


IT IS FURTHER RECOMMENDED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), if GoDaddy and 22net fail to transfer the registrations of the above domain names to a domain name registrar of Las Vegas Sands' choice within ten (10) business days of Las Vegas Sands' request, VeriSign, Inc., the ".com" domain name registry, shall, within ten (10) business days of Las Vegas Sands' request, change the registrar of record for the above listed domain names to a registrar of record of Las Vegas Sands' choice.


IT IS FURTHER RECOMMENDED that FINAL JUDGMENT be entered against Defendants.

IT IS SO RECOMMENDED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge.  Objections must be in writing and filed with the Clerk

of the Court within fourteen days.  LR IB 3-1, 3-2.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE